IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EMAD S. BOSHRA, A#79 697 030 :
          Petitioner, :
   v. : Civil No. L-06-634
    :
UNITED STATES DEPARTMENT OF :
 IMMIGRATION AND :
 NATURALIZATION, et al. :
          Respondents. :

**MEMORANDUM**

Pending is Emad S. Boshra's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. No hearing is necessary because the issues have been fully briefed. For the reasons stated below, the Court will, by separate Order, deny the Petition.

**I.    BACKGROUND**

Boshra is an Egyptian citizen, but he has been a lawful permanent resident of the United States since May 11, 2000. On March 13, 2004, the government served Boshra with a Notice to Appear stating that he was subject to removal from the United States because:

(i) on September 14, 2000, he was convicted of shoplifting in New Jersey state court, and

(ii) on October 20, 2003, he was convicted of possession with intent to distribute over 448 grams of cocaine, possession with intent to distribute cocaine in a drug-free school zone, conspiracy to distribute cocaine, and possession of over 448 grams of cocaine in the Circuit Court of Harford County, Maryland.

On September 24, 2004, the Division of Correction ("DOC") conducted removal proceedings. At the hearing, Immigration Judge John Gossart administratively closed the proceeding pending Boshra's direct appeal of his Maryland convictions.

On June 13, 2005, the Court of Special Appeals of Maryland affirmed Boshra's controlled substance convictions. On March 21, 2006, Boshra was released from the DOC and transferred to Immigration and Customs Enforcement ("ICE") custody. Boshra appeared before an Immigration Judge on April 4, 2006, and his case was continued to enable him to obtain counsel. He remains in ICE custody pending completion of his removal proceedings.

On March 9, 2006, Boshra filed the instant Petition. He makes two arguments:

(1)   his immigration case was "closed" in September of 2004, thus there is no cause for his continued confinement; and

(2)   the Maryland Patrol Commission agreed to a release date from the Department of Corrections, upon which Boshra would be held on his immigration detainer. As his immigration case is "closed," Boshra argues that he should be released from DOC custody.

## II.   ANALYSIS

Boshra's detention does not violate the Constitution, laws, or treaties of the United States. His removal case was never terminated or finally closed. Rather, Boshra's immigration case was temporarily administratively closed to remove his case from the calendar while his direct appeal was pending.[1] After conclusion of the direct appeal process, Boshra's immigration case was reopened and he was taken into ICE custody pending proceedings on his 8 U.S.C. § 1227(a)(2) charges of removability. Moreover, Boshra's transfer to ICE custody renders his argument that he should be released from the DOC to his immigration detainer moot.

---

[1]   See Matter of Lopez-Barrios, 20 I & N. Dec. 203 (BIA 1990) (administrative closure is an administrative convenience that permits the temporary removal of cases from the immigration case calendar in appropriate circumstances).

Boshra's detention pending his removal proceeding is Constitutional. See Demore v. Kim, 538 U.S. 510, 531 (2003). A lawful permanent resident alien may be detained during the "limited period of his removal proceedings" without an individualized determination of the alien's flight risk or the danger he might pose to the community. Id. Moreover, Boshra may not be released on bond. See 8 U.S.C. § 1226(a). Boshra is held in custody under the mandatory detention provisions of 8 U.S.C. § 1226(c), which provide that aliens who are removable from the United States due to crimes involving a controlled dangerous substance are subject to mandatory custody and may not be released on bond. See 8 U.S.C. § 1226(c)(1)(b).

### III. CONCLUSION

For the reasons stated herein, the Court will, by separate Order, DENY Boshra's Petition.

Dated this 15th day of May, 2006.

                                                  /s/
                                        Benson Everett Legg
                                        Chief Judge